**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-41060**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**BALDOMERO CABRERA-CAPETILLO, also known as Baldomero**
**Cabrera-Cabito, also known as Baldomero Cabrera-Cabitillo,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Texas
(M-97-CR-349-1)
_____

November 16, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Appellant is serving a sentence for illegal entry after having been previously deported. 8 U.S.C. § 1326(a). On appeal, he challenges a 16-level increase to his offense level for sentencing purposes, but we conclude that even if the district court erred on this point, the error did not affect Cabrera-Capetillo's sentence.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Applying the 16-level increase required by section 2L1.2(b)(1)(A) for deportation after an "aggravated felony" conviction, the PSR recommended a total adjusted offense level of 23. Combined with appellant's criminal history score, the guideline sentencing range was 70-87 months. Cabrera objected to the PSR, challenging the 16-level increase, as he contended that a prior conviction for transporting illegal aliens within the United States did not constitute an aggravated felony.

At sentencing, the district court disagreed with Cabrera's legal argument, but he granted a substantial downward departure pursuant to section 2L1.2 Comment (n.5), and imposed an 18-month term of imprisonment.

The important point for our purposes is this: if Cabrera had been sentenced according to the guidelines without the 16-level increase, his sentencing range would have been 18-24 months. The district court thus imposed the sentence at the low end of the guidelines even without treating his previous conviction as an "aggravated felony." The effect of the district court's sentence is the same as if the 16-level increase had never been added.

The Supreme Court holds that we need not reverse a sentence if we determine that the district court would have imposed the same sentence anyway. Williams v. United States, ____ U.S. ____, 112 S.Ct. 1112, 1120 (1992). Appellant speculates that the district court might choose to depart downward even from the 18-month sentence, were that the low end of the applicable guidelines. On the record before us -- which indicates repeated illegal entries

2

within a short period of time -- there is no basis for such speculation or for the wasted judicial effort that would be entailed by a remand.

Accordingly, the judgment of the district court is **AFFIRMED.**